# Nathan Schack, Plff. in Err., *v.* Louchheim Brothers.

Evidence adduced to show fraud in a purchase of goods by a merchant in failing circumstances, held sufficient.

(Decided October 19, 1885.)

Error to the Common Pleas of Greene County.    Affirmed.

The action was assumpsit, commenced by attachment by Louchheim Brothers against Nathan Schack, to recover for goods sold. Schack, the defendant below, was a retail merchant, doing business in Waynesburg, Greene county, Pennsylvania, in the year 1881; and Louchheim Brothers were at the same time wholesale merchants in Philadelphia. He bought goods of Louchheim Brothers on April 3, 1879, on April 22, 1881, and on April 29, 1881; and about September 10, 1881, he bought from them the bill of goods in suit, at four months' credit, to be computed from September 30, 1881, and to be billed as of September 30, 1881, and to be treated as sold as of that date. The goods were so billed and the sale so treated. Sometime in November or December, 1881, the plaintiffs, without consulting the defendant, drew on him for $100, at one day's

Cited in Meyers v. Rauch, 4 Northampton Co. Rep. 350, and Wilson v. Lehman, 2 Lack. Legal News, 352, as upholding the propositions that where a debt is fraudulently contracted, and a term of credit secured, the vendor may waive the tort and sue on an implied assumpsit for goods sold and delivered.

NOTE.—All the circumstances which tend to show an intent to defraud are admissible. But the proof must be direct, or of such circumstances as clearly establish the fraud. Jones v. Lewis, 148 Pa. 234, 23 Atl. 985; Sebring v. Brickley, 7 Pa. Super. Ct. 198, 42 W. N. C. 189.

Financial embarrassment may be shown (Drake v. Hayes, 2 Lack. Jur. 297); or declarations by the debtor (Stiles v. Whittaker, 1 Phila. 271); though made in the absence of the creditor. Whiting v. Johnson, 11 Serg. & R. 328, 14 Am. Dec. 633; Reitenbach v. Reitenbach, 1 Rawle, 362, 18 Am. Dec. 638. Or it may be shown that the property was transferred for a small consideration. Wilkinson v. Patton, 162 Pa. 12, 29 Atl. 293. Great liberality is allowed in such cases in the admission of evidence. Stauffer v. Young, 39 Pa. 455; Reinhard v. Keenbartz, 6 Watts, 93; Glessner v. Patterson, 164 Pa. 224, 30 Atl. 355. But fraud need not be shown beyond a reasonable doubt, as in criminal cases. Wilkinson v. Patton, 162 Pa. 12, 29 Atl. 293. The bona fides of the transaction is for the jury, under proper instructions. Sebring v. Brickley, 7 Pa. Super. Ct. 198, 42 W. N. C. 189.

sight, which he did not pay.    After the nonpayment of the $100 draft, and in a few days thereafter, the plaintiffs wrote defendant requesting him to send them his note for the amount of this bill, payable at four months from September 30, 1881, which he did.

Before the note matured, Louchheim Brothers commenced this suit, alleging that Schack induced them by false and fraudulent representations to sell the goods, and claiming that, therefore, they could repudiate the credit and sue at once for the value of the goods.    They also alleged that the defendant had transferred his property by means of a fraudulent judgment and execution, with intent to defraud the plaintiffs, to M. Nusbaum.    (See the two preceding cases.)    The defendant denied all charges of fraud, and claimed that no action was maintainable until the note should become due.    On the trial, much evidence was introduced on both sides, and several bills of exception were sealed; but no questions of law were raised which the supreme court considered worthy of distinct consideration.    The jury found for the plaintiff; and the defendant brought error.

*A. A. Purman* for plaintiff in error.

*Brock & Teagarden, J. B. Donley,* and *J. M. Moyer* for defendant in error.

Per Curiam:

The questions in contention here were mainly those of fact. They were so correctly submitted to the jury that there were no exceptions to the general charge; and we see no error in the answers to the points submitted.    Considerable latitude was allowed in the admission of evidence, yet, inasmuch as the question was one of fraud, we cannot say that the evidence is so remote as to call for a reversal.

Judgment affirmed.